**PORTER, Price Administrator, v. NELSON–RICKS CREAMERY CO.**

No. 1408.

District Court, D. Idaho, E. D.

Jan. 9, 1947.

Frank E. Hickey, of Denver, Colo., and Karl Jeppesen, of Boise, Idaho, for plaintiff.

H. L. Mulliner, of Salt Lake City, Utah, for defendant.

CLARK, District Judge.

This action is brought by the Administrator of the office of Price Administration suing for and on behalf of the United States, charging the defendant Nelson-Ricks Creamery Company with sales of Swiss Cheese at prices in excess of the ceiling price during the period between December-31, 1944, and October 13, 1945, in violation of Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. and particularly maximum price rule Regulation 289 (9 F.R. 5140) effective May 17, 1944, fixing maximum prices for certain dairy products; alleging that under Section 27 of said Regulation the maximum price at which cheese makers or cheese factories may sell swiss cheese not contained in tubs or boxes is 32.75 cents per pound, plus a transportation allowance of 2.19 cents per pound. This is denied by the defendant, and in addition it objects to the complaint on the grounds that the complaint does not show approval of the Secretary of Agriculture to the issuance of the regulation or to the bringing of the action.

This case has heretofore been submitted to the Court and decided adversely to the defendant (on a stipulation of facts).

Motion for new trial was made and plaintiff conceded that the original stipulation did not cover the facts. The Court granted the motion and the case has been again submitted on a stipulation of facts, which provides in part; that the cheese in question was manufactured and handled

by the defendant through a refrigerated storage warehouse at Rexburg, Idaho. This warehouse at Rexburg was owned by one H. D. Manwarring, who is an employee and stockholder of the defendant company.

The Court will not comment on the changes made in this stipulation as compared with the stipulation formerly filed, as the present hearing is based alone on this stipulation and the former opinion was rendered on a misunderstanding of the facts.

■ As to the first defense, the Court is of the opinion that prior approval of the Secretary of Agriculture under Section 3(a), (e) and (f) was not required for commodities such as cheese processed from farm products and his prior approval to the filing of this action was not necessary.

The issue here is, was the cheese in question sold by the defendant as "cheese makers of cheese factories" or was it sold by the defendant as a "Primary wholesaler"?

It is conceded by the plaintiff that the defendant was a "Primary wholesaler" except in reference to the cheese involved in this action, but as to that cheese it was disqualified as a "primary wholesaler" by reason of leasing refrigerated space from Mr. Manwarring who was an employee of the defendant. They base this contention on the definition of a "primary wholesaler" which definition is as follows:

"* * * (c) definitions. (1) 'Primary wholesaler' is a person who purchases or receives cheese from two or more cheese factories or cheese makers and who sells or delivers to wholesalers, retailers, distributing warehouses, retail stores, or commercial, industrial, institutional, or federal or nonfederal governmental users.

"(i) Provided however, that no person shall be considered a primary wholesaler with respect to any cheese sold by him unless with respect to that cheese, he meets all of the following requirements:

"(a) He must own or lease and maintain a refrigerated warehouse or segregated specific space in a refrigerated warehouse.

"(b) Such warehouse or warehouse space must not be leased, rented, or in any other way procured from or furnished by any person (including such person's principal, agent, partner, employee, subsidiary, trustee, associate, or affiliate) from whom he purchases or receives cheese or to whom he sells or delivers cheese.

"(c) He must actually assemble the cheese sold by him by unloading it from its carrier, physically placing it in the warehouse where it must come to rest and by removing it from the warehouse by loading it on a carrier.

"(d) Within the warehouse he must grade the cheese in accordance with legal requirements, or in the absence of such requirements in accordance with customary industry practices. He must also paraffin (if not already paraffined) or otherwise prepare the cheese for shipment.

"(e) He must bear and pay for all labor costs involved in the warehousing of the cheese, and in the handling of such cheese into, within and out of the warehouse.

"(ii) Provided, further, That no person shall be considered a primary wholesaler as to any cheese sold to a processor for processing."

■ The burden of proof lies with the plaintiff, and basing this opinion on the only contention made by the plaintiff that the defendant has failed to meet the requirements of a primary wholesaler on the grounds (a) and (b) above:

"A. That it has not leased and maintained a refrigerated warehouse or segregated or specific space in a refrigerated warehouse, and

"B. That such warehouse or warehouse space must not be leased, rented, or in any other way procured from or furnished by any person including such person's principal, agent, partner, employee, subsidiary, trustee, associate or affiliate, from whom he purchases or receives cheese or to whom he sells or delivers cheese."

There can be no question here but what the defendant maintained a refrigerated storage warehouse at Rexburg, and Plaintiff admits that the defendant was performing all the functions af a primary wholesaler. So the Court is left with only the second question to consider; that question

is whether the defendant is disqualified as a primary wholesaler by reason of the fact that the warehouse in question was leased from Mr. Manwarring, one of the defendant's employees.

It is a fact that the dealings as far as renting the warehouse is concerned were directly with Mr. Manwarring, and not with any person other than Mr. Manwarring, so as contended by the defendant, the definition can be limited by striking out the word "including" and the following words to and including the word "affiliate." The question then narrows down to: Did the defendant lease the warehouse from a person from whom it purchases or receives cheese?

It is a fact that the defendant did not purchase or receive cheese from Mr. Manwarring nor from those persons included in that part of the definition which has been eliminated above.

As contended by the defendant there is no restriction which denies the defendant the right to lease space from an employee and in view of the fact that it is conceded by the plaintiff that the defendant could have owned the space itself in the warehouse and met the requirements of the definition, it would certainly be a strained construction to say that they were barred from leasing the space from an employee.

I cannot accept the interpretation given to this provision of the definition by the plaintiff,—that Mr. Manwarring being an employee, puts the defendant in the position of having violated the regulation in leasing the warehouse from him. This could only be a violation if it bought or received, or sold or delivered cheese to Manwarring.

So it follows that if the defendant did not purchase or receive cheese from Mr. Manwarring they do not come within the prohibitive clause of this definition.

The regulations provide that they shall be given liberal construction, favorable to the defendant, and in this case the District Price Attorney at Salt Lake City, Utah, as Attorney for the Office of Price Administration advised the defendant that in its operations as shown herein it was under the classification of primary wholesaler and that it could charge the price authorized under the definition of a primary wholesaler and although this opinion is not in writing it is admitted by the plaintiff that such advice was given. This cannot be given weight by the Court because it was not in writing, and cannot be used to excuse the defendant, but where an ordinary layman has acted on the advice of the attorney for the plaintiff, the Court should be liberal in construing the regulation in the defendant's behalf, particularly so if there is any ambiguity or difficulty in understanding or complying with them.

The Court is of the opinion that the defendant was not disqualified by reason of the fact that the refrigerated warehouse space was leased from an employee of the defendant.

Defendant is therefore entitled to a decree and will prepare the necessary findings of fact, conclusions of law and judgment.